IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** § | | |
| § | | |
| § | | |
| v. § | Criminal No. 1:08cr104-HSO-RHW | |
| § | | |
| § | | |
| § | | |
| **JESSE DELACRUZ** § | | |

## ORDER DENYING DEFENDANT JESSE DELACRUZ'S MOTION [102] FOR COMPASSIONATE RELEASE

BEFORE THE COURT is Defendant Jesse Delacruz's Motion [102] for Compassionate Release. The Court finds that this Motion [102] should be denied.

I. BACKGROUND

A.   Procedural background

At a hearing held on February 27, 2009, Defendant Jesse Delacruz ("Defendant" or "Delacruz") entered an open plea of guilty to Counts 1 and 2 of the Indictment [25] in this case, which charged that he conspired to possess with intent to distribute (Count 1) and possessed with intent to distribute (Count 2) a controlled substance. Indictment [25] at 1; Min. Entry, Feb. 27, 2009. On October 2, 2009, the Court sentenced Delacruz to 264 months imprisonment as to each Count, with both terms to run concurrently, followed by five years of supervised release, a $15,000.00 fine, and a $200.00 special assessment. J. [76] at 1-5. On February 17, 2016, the Court reduced Delacruz's sentence to 211 months based upon the 2014 retroactive amendments to the United States Sentencing Guidelines Manual. Order Reducing

Sentence [82]; Admin. Order [81]. Delacruz is currently incarcerated at the Federal Correctional Institution Bastrop ("FCI Bastrop") in Bastrop, Texas. Mot. [102] at 1.

B.  Delacruz's Motion for Compassionate Release

On July 26, 2021, Delacruz filed the present Motion [102] for Compassionate Release from the custody of the Bureau of Prisons ("BOP") under 18 U.S.C. § 3582(c)(1)(A), arguing that he is a high-risk individual, as defined by the Centers for Disease Control ("CDC"), and is thus subject to death or serious complications if he were to contract COVID-19. *Id*. Delacruz cites his obesity and his status as a "former/current smoker" to contend that he is at a high risk of suffering serious complications from COVID-19. *Id*. He also argues that, in light of the COVID-19 pandemic, his "originally imposed 'Just Punishment' pursuant to [18 U.S.C.] § 3553(a) is no longer a 'Just Punishment.'" *Id*. at 2.[1]

The Government asserts in its Response [106] that the Court should deny Delacruz's Motion [102] because he has not established that "extraordinary and compelling reasons" justify a reduction of his sentence. Resp. [106] at 11. The Government also maintains that Delacruz still poses a significant danger to public safety and that the 18 U.S.C. § 3553(a) factors weigh strongly against his release. *Id*. Delacruz did not file a Reply; instead, he submitted through counsel a Notice [111] of Intent not to file "any supplemental briefing in this matter, beyond any which has already been submitted." Notice [111] at 1.

---

[1] Specifically, Defendant asserts that his punishment is no longer just because the COVID-19 pandemic has forced the BOP to cease operating all normal prison programs and because the BOP has "yet to completely quell the spread of the virus." Mot. [102] at 2.

## II. DISCUSSION

A. <u>Whether Delacruz has exhausted his administrative remedies</u>

Pursuant to Section 3852(b) of Title 18 of the United States Code a judgment of conviction is a final judgment, but this judgment can be modified under the provisions of 18 U.S.C. § 3582(c). At issue in this case is a requested modification under § 3582(c)(1)(A)(i), which states in relevant part as follows:

> The court may not modify a term of imprisonment once it has been imposed except that—
> (1) in any case—
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
> (i) extraordinary and compelling reasons warrant such a reduction . . . .

18 U.S.C. § 3582(c)(1)(A)(i). Here, Delacruz states in his Motion [102] that he requested compassionate release from the Warden of FCI Bastrop on June 6, 2021. Mot. [102] at 1; Ex. 1 [102-1] at 1 (requesting compassionate release from prison warden). The Warden denied Delacruz's request on June 30, 2021. Ex. 1 [102-1] at 2.

The United States Court of Appeals for the Fifth Circuit in *United States v. Franco* held that the exhaustion requirement in 18 U.S.C. § 3582(c)(1)(A) "is

3

paradigmatic claim-processing rule," 973 F.3d 465, 468 (5th Cir. 2020), and that this "requirement is *not* jurisdictional, but . . . it *is* mandatory," *id.* (emphasis in original). As such, the district court "*must* enforce the rule" as long as "the government properly rasie[s]" it. *Id.* (emphasis in original) (quoting *Pierre-Paul v. Barr*, 930 F.3d 684, 692 (5th Cir. 2019)). The Government has not raised any argument that Delacruz failed to exhaust, *see generally* Resp. [106], thus the Court will address the merits of Delacruz's Motion [102].

B.  Whether Delacruz has identified "extraordinary and compelling circumstances" justifying his release

18 U.S.C. § 3582(c)(1)(A) permits a sentencing court to reduce or modify a term of imprisonment on motion by a defendant for compassionate release if it finds that "extraordinary and compelling reasons warrant such a reduction." When considering a compassionate release motion, the court is "bound only by § 3582(c)(1)(A)(i) and, as always, the sentencing factors in § 3553(a)." *United States v. Shkambi*, 993 F.3d 388, 393 (5th Cir. 2021).

Congress has not specifically defined what "extraordinary and compelling reasons" may merit compassionate release. *See generally*, 18 U.S.C. § 3582(c)(1)(A). Instead, Congress "delegated that authority to the Sentencing Commission" and authorized it to "promulgat[e] general policy statements regarding the sentencing modification provisions in section 3582(c)(1)(A)" which "describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." *Shkambi*, 993 F.3d at 391 (quoting 28 U.S.C. § 994(t)). Pursuant to this authority, the Sentencing Commission

issued a policy statement which set forth circumstances that would constitute "extraordinary and compelling reasons," including the defendant's medical condition, age, and family circumstances. U.S.S.G § 1B1.13 p.s. However, the Fifth Circuit has held that this policy statement only applies to "motions filed by the BOP" and that it does not bind "a district court addressing a prisoner's own motion under § 3582." *Shkambi*, 993 F.3d at 393.

The Court finds that Delacruz's medical conditions do not justify release. Delacruz claims that he is obese by virtue of his having a Body Mass Index of over 30, and that he is a "former/current smoker." Mot. [102]. at 1. However, he has not submitted any evidence to support these contentions. Delacruz's prison medical records, submitted by the Government, do not indicate that he is obese or a smoker. Mot. [102]; *see generally,* Ex. B [108]. Delacruz's unsubstantiated medical ailments cannot justify release. *See United States v. Moreno*, No. 3:16-CR-0302-B-1, 2021 WL 389829, at *3 (N.D. Tex. Feb. 4, 2021) (holding that without medical records to prove defendant's medical conditions the court could not find that they were extraordinary and compelling circumstances warranting release).

Even if Delacruz could prove that he is obese, this Court has held that obesity is not a medical condition that justifies compassionate release. *See United States v. Thompson*, No. 2:19-CR-27-KS-MTP, 2020 WL 4210475, at *2 (S.D. Miss. July 22, 2020) (holding that defendant's obesity was neither a terminal illness nor a serious physical or medical condition); *United States v. White*, No. 5:18-cr-20-DCB-FKB-3, 2021 WL 1723093, at *3 (S.D. Miss. Apr. 30, 2021) (recognizing that obesity is not

considered an "extraordinary and compelling reason to justify compassionate release"). Similarly, this Court has held that an inmate's status as a smoker is not a serious physical or medical condition. *United States v. Parish*, No. 2:15-CR-9-KS-MTP, 2021 WL 261678, at *2 (S.D. Miss. Jan. 26, 2021).

Although not discussed in his Motion [102] or in his request to the Warden, Delacruz's medical records do indicate that he suffers from Bell's Palsy. *See* Ex. B [108] at 41, 71. This condition was diagnosed by prison medical staff, but Delacruz has refused to take medication for it. *Id.* at 35, 38, 41. Delacruz's refusal to take medication for this condition is sufficient evidence for the Court to conclude that it does not justify his release. *See, e.g., United States v. Colmenares Fierro*, No. 4:12-CR-295 (3), 2021 WL 2806942, at *6 n. 6 (E.D. Tex. July 2, 2021) (holding that a defendant's refusal to take treatment "preclude[d] him from relying on [that] condition as a basis for compassionate release").

Nor do Delacruz's generalized concerns of contracting COVID-19 constitute an "extraordinary and compelling reason" justifying release under 18 U.S.C. § 3582(c)(1)(A). *See, e.g., Thompson*, 984 F.3d at 435 ("Fear of COVID doesn't automatically entitle a prisoner to release."). Indeed, Delacruz's medical records indicate that he has received both doses of the Pfizer vaccine. Ex. B [108] at 1. "The vaccine substantially reduces the risk of serious illness or death from COVID-19, even in patients with high-risk medical conditions." *United States v. Parham*, No. 1:19-CR-LG-RHW-1, 2021 WL 1911899, at *2 (S.D. Miss. May 12, 2021) (citing

6

*United States v. Schad*, No. 2:17-225-3, 2021 WL 1845548, at *3 (S.D. Tex. May 5, 2021)).

Despite his vaccination status, Delacruz claims that he is at risk for contracting COVID-19 because the BOP has failed to "completely quell the spread of the virus" and because his cell arrangements make it impossible to abide by CDC guidelines. Mot. [102] at 2. He further maintains that his alleged obesity and status as a "former/current smoker" combine to increase the risk that he will suffer death or serious complications if he were to contract COVID-19. *Id.* at 1. The Government responds that Defendant's COVID-19 risk factors do not rise to the level of extraordinary and compelling reasons because he has been vaccinated. Resp. [106] at 11.

Neither Delacruz's actually diagnosed medical condition, Bell's Palsy, nor his claimed conditions, obesity and his smoker status, are sufficient to establish extraordinary and compelling reasons justifying release. This Court has held that "[p]reexisting medical conditions that place a defendant at increased risk for serious illness from COVID-19 are not in and of themselves sufficient to establish extraordinary and compelling circumstances justifying a reduction in sentence." *United States v. McLin*, No. 1:17-CR-110-LG-RHW, 2020 WL 3803919, at *3 (S.D. Miss. July 7, 2020), *aff'd*, 840 F. App'x 804 (5th Cir. 2021) (collecting cases); *see also United States v. Raiford*, No. 2:03-CR-25-KS-MTP, 2020 WL 5535368, at *2 (S.D. Miss. Sept. 15, 2020), *appeal dismissed*, No. 20-60883, 2021 WL 1111314 (5th Cir. Feb. 17, 2021) (same). Moreover, "[i]n the Fifth Circuit and elsewhere, courts have

denied early release to inmates with a variety of medical conditions who have been vaccinated for COVID-19." *United States v. Forman*, No. 4:15-CR-129(6), 2021 WL 1536491, at *7 (E.D. Tex. Apr. 16, 2021).

In sum, Delacruz has not shown the existence of any extraordinary and compelling circumstances justifying a compassionate release.

C. <u>Whether the applicable factors set forth in 18 U.S.C. § 3553(a) weigh against Delacruz's release</u>

Delacruz has also failed to demonstrate that the applicable factors set forth at 18 U.S.C. § 3553(a) weigh in favor of his early release. These factors include:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed; (3) the kinds of sentences available; (4) the kinds of sentence[sic] and sentencing range established for the applicable category of offense or defendant; (5) any pertinent policy statement; (6) the need to avoid unwarranted sentence disparities among defendants with similar records; and (7) the need to provide restitution to any victims of the offense.

*United States v. Chambliss*, 948 F.3d 691, 693 n.3 (5th Cir. 2020) (citing 18 U.S.C. § 3553(a)).

Delacruz maintains that he is neither a violent offender nor "a danger to the community." Mot. [102] at 2. He also argues that the Court must consider his "post-sentencing development and rehabilitation," but he has not submitted any proof on this point. *Id.* (citing *Pepper v. United States*, 562 U.S. 476 (2011)). The Government counters that a reduction in Delacruz's sentence would "demean the seriousness of his underlying offense" and that the applicable § 3553(a) factors weigh against compassionate release. Resp. [106] at 21.

8

Delacruz is currently serving a 211-month sentence, of which he has completed approximately 85%. Order Reducing Sentence [82]; Admin. Order [81]. His projected release date is September 26, 2023. Resp. [106] at 1. At the time of his sentencing, Delacruz had a total offense level of 38 and his criminal history was a category I, having previously been convicted for the possession of marijuana. PSR [73] at 11-12. Contrary to Delacruz's assertion, his record reflects that he would be a danger to the community. After Delacruz was in custody, he allegedly engaged in discussions about possibly having the investigating agents killed so that his case would be dismissed and about the purchase of 300 kilograms of cocaine hydrochloride. *Id*. at 9-10.

Delacruz was convicted of a serious offense, and the sentence imposed in this case reflects that seriousness. In addition, considering the totality of the record before it, the Court finds that releasing Delacruz at this time would not reflect the gravity of his offense, protect the public, or afford adequate deterrence. *See* 18 U.S.C. § 3553(a). For these reasons as well, Delacruz's Motion [102] should be denied.

### III. CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Defendant Jesse Delacruz's Motion [102] for Compassionate Release is **DENIED**.

**SO ORDERED AND ADJUDGED**, this the 8th day of October, 2021.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE